J. OCHOA & BROTHER, PLAINTIFFS AND APPELLANTS, *v.* JOSÉ GONZÁLEZ CLEMENTE & CO., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Mayagüez in an Action of Debt.

No. 2460.—Decided July 29, 1921.

PRINCIPAL — AGENT — PLEADING — AMENDMENT. — When in asserting a cause of action accruing to his principal the agent does not bring the action in the name of the principal as plaintiff, but in his own name, the defect is not one of parties, but of lack of a cause of action, and the complaint is not susceptible of amendment.

The facts are stated in the opinion.
*Messrs. J. Sabater* and *S. Suau* for the appellants.
*Messrs. Benet & Souffront* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

From the complaint in the record before us it appears that J. Ochoa & Brother are the general agents in Porto Rico of Morris & Co. and that J. Ochoa & Brother, acting as such general agents, sold merchandise to J. González Clemente & Co. Alleging that they had failed to pay for the merchandise, a suit was brought against J. González Clemente & Co. in the District Court of Mayagüez. The suit, however, was brought, not in the name of the real obligees or principals, Morris & Co., but in the name of J. Ochoa & Brother, the agents. The complaint is entitled J. Ochoa & Brother, as General Agents of Morris & Co., and the recital in the complaint is, "The complainants J. Ochoa & Brother appear," and at least twice more the said pleading designates

or describes J. Ochoa & Brother as the complainants. Although the contract was necessarily between González Clemente and Morris & Co., it is J. Ochoa & Brother who claim a right of action and bring the suit. Therefore, when the defendants demurred generally, the court sustained the demurrer for lack of a cause of action in J. Ochoa & Brother, the alleged complainants.

The demurrer was argued by both parties and at the hearing the complainants did not offer to amend. The court gave them no permission to amend. The defendants came into court and asked for judgment, reciting the facts and asserting that the complaint was not amendable. The court agreed with them and rendered judgment on January 12, 1921. The appeal is from this judgment.

In the papers transmitted to this court, between the motion for judgment and the judgment itself there is one which is called "Amended Complaint," but there is nothing to show its filing date or that it was ever drawn to the attention of the court. As we also think the complaint plays no great role, but it would seem that as the appeal is from the judgment only, we are limited to the review of the papers properly before the court leading up to said judgment.

There is no serious discussion on the part of the appellants as to whether the complaint was demurrable or not. They maintain, however, substantially, that the defect was a lack of parties and not a lack of a cause of action. The appellees answer this in several ways. One of them is an argument known in logic as *reductio ad absurdum*. But first they admit that by filing a general demurrer the defendants would have technically waived a right to object to a defect of parties. Then the appellees say that if the complaint were to stand and the complainants had a cause of action, the said complainant could prosecute a judgment and execution against the defendants, while the right of action of Morris & Co. would still subsist.

But the appellees also very well say that on the face of the complaint it appears that the sole complainant described therein had no cause of action against the defendants; that the complaint was brought under the responsibility of the complainant described therein and of no other person; that section 51 of the Code of Civil Procedure requires that every action should be brought in the name of the person really interested; that where there is a sole complainant he could scarcely be heard to say that there was a defect of parties when it appeared that the cause of action claimed was brought by a person who had no title to it, and that such a mistaken complainant firm being the only person before the court, had no right to ask that some one else be substituted for it. We might add here that nowhere in the proceeding does it appear that Morris & Co. are asking anything or have authorized anyone to appear for them, but it is always J. Ochoa & Brother who appear.

After the judgment the complainants filed a motion for reconsideration, but; fearing to lose their right, appealed before the court acted on the motion. Hence this motion is not properly before us. We agree, however, with the court below that the complaint was unamendable and, furthermore, even supposing that there is some way of substituting the principals for the agents, that it must still be the principals who, under their own responsibility, come into court and make this cause of action their own. The motion for reconsideration, like the complaint, was solely interposed by J. Ochoa & Brother.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.